IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| NICHOLAS VAUGHN<br>2295 Vermilion Road<br>Vermilion, Ohio 44089 | ) CASE NO.:<br>)<br>) JUDGE:<br>)<br>) **COMPLAINT FOR DAMAGES**<br>) |
| Plaintiff, | )<br>) (JURY DEMAND ENDORSED HEREIN) |
| vs. | )<br>) |
| SUN DEVELOPMENT OF OHIO, INC.<br>d/b/a Maui Sands Resort<br>c/o National Registered Agents, Inc.<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219 | )<br>)<br>)<br>)<br>)<br>) |
| -and- | )<br>) |
| SURESH PATEL<br>c/o Maui Sands Resort<br>5513 Milan Road<br>Sandusky, Ohio 44870 | )<br>)<br>)<br>)<br>) |
| -and- | )<br>) |
| SSHS, LLC<br>c/o Suresh Patel<br>6056 Signal Flame Court<br>Clarksville, Maryland 21029 | )<br>)<br>)<br>)<br>) |
| -and- | )<br>) |
| KIRIT PARMAR<br>c/o Maui Sands Resort<br>5513 Milan Road<br>Sandusky, Ohio 44870 | )<br>)<br>)<br>)<br>) |
| -and- | )<br>) |
| MKSP, LLC<br>c/o Kiritsinh Parmar<br>12620 Clarksville Pike<br>Clarksville, Maryland 21029 | )<br>)<br>)<br>)<br>) |
| -and- | )<br>) |

ERIE SHORE, LLC                        )
c/o National Registered Agents, Inc.      )
4400 Easton Commons Way, Suite 125  )
Columbus, Ohio 43219               )
                                     )
           Defendants.         )

Plaintiff Nicholas Vaughn, by and through the undersigned, as his Complaint against Defendants states and avers the following:

### PARTIES & VENUE

1.  Vaughn is a resident of the city of Vermilion, county of Lorain, and state of Ohio.

2.  Vaughn is a former employee of Sun Development of Ohio, Inc.; SSHS, LLC; MKSP, LLC; and Erie Shore, LLC ("collectively Maui Sands").

3.  Sun Development is a foreign corporation that owns and operates the Maui Sands Resort in Sandusky, Ohio.

4.  SSHS is a foreign corporation that co-owns and co-operates the Maui Sands Resort in Sandusky, Ohio.

5.  MKSP is a foreign corporation that co-owns and co-operates the Maui Sands Resort in Sandusky, Ohio.

6.  Erie Shore is a foreign corporation that co-owns and co-operates the Maui Sands Resort in Sandusky, Ohio.

7.  At all times material herein, Maui Sands regularly utilized the United States mail, the phones, and interstate banking system in the operation of Maui Sands.

8.  At all times material herein, Maui Sands regularly accommodated guests from states outside of Ohio.

9.  At all times material herein, Vaughn regularly utilized the United States mail, the phones, and interstate banking system in the operation of Maui Sands.

10. At all times material herein, Vaughn regularly performed duties for Maui Sands that regularly involved Vaughn in commerce between the several states.

11. At all times material herein, Maui Sands was an enterprise whose annual gross volume of sales made or business done was not less than $500,000.

12. At all times material herein, Maui Sands regularly employed two or more employees who handled tools or other articles necessary for Maui Sand's commercial activities.

13. At all times material herein, Maui Sands was engaged in related activities performed through unified operation of common control for a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

14. At all times material herein, Maui Sands was subject to the provisions of 29 U.S.C. § 206 and Ohio Rev. Code § 4111 requiring an employer to pay employees not less than the minimum wages specified by those statutes.

15. At all times material herein, Vaughn was an employee of Maui Sands for the purposes of 29 U.S.C. § 200 *et seq.* and Ohio Rev. Code § 4111.

16. Suresh Patel is an owner of Maui Sands.

17. At all times material herein, Patel was an officer, director, shareholder, principal, member, and/or manager of Maui Sands.

18. At all times material herein, Patel was a corporate officer of Maui Sands, who maintained operational control over Maui Sands.

19. At all times material herein, Patel was involved in Maui Sand's day-to-day operations.

20. At all times material herein, Patel supervised and/or controlled Vaughn's employment with Maui Sands and acted in the interest of Maui Sands in relation to its employees, and was an employer within the meaning of 29 U.S.C. § 203(d).

21. At all times material herein, Patel and Maui Sands were Vaughn's employers pursuant to Ohio Rev. Code § 4111.

22. At all times material herein, Patel had the authority to contract on behalf of Maui Sands.

23. Kirit Parmar is an owner of Maui Sands.

24. At all times material herein, Parmar was an officer, director, shareholder, principal, member, and/or manager of Maui Sands.

25. At all times material herein, Parmar was a corporate officer of Maui Sands, who maintained operational control over Maui Sands.

26. At all times material herein, Parmar was involved in Maui Sand's day-to-day operations.

27. At all times material herein, Parmar supervised and/or controlled Vaughn's employment with Maui Sands and acted in the interest of Maui Sands in relation to its employees, and was an employer within the meaning of 29 U.S.C. § 203(d).

28. At all times material herein, Parmar and Maui Sands were Vaughn's employers pursuant to Ohio Rev. Code § 4111.

29. At all times material herein, Parmar had the authority to contract on behalf of Maui Sands.

30. Jurisdiction is proper over Defendants pursuant to 28 U.S.C. § 1331 in that Vaughn is alleging a federal law claim arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

31. This Court has supplemental jurisdiction over Vaughn's state law claims pursuant to 28 U.S.C. § 1367.

32. All material events alleged in this Complaint occurred in Erie County.

33. Venue is properly placed in the Unites States District Court for the Northern District of Ohio, Western Division, because it is the Court for the district, division, and county within which a substantial part of the events giving rise to this Complaint occurred.

34. This Court is a court of general jurisdiction over all subject matters of this Complaint and the claims presented herein.

## FACTS

35. Throughout January of 2016, Vaughn and Patel negotiated the terms of Vaughn's prospective employment as Maui Sands' Vice President of Marketing and Water Park Operations.

36. On January 29, 2016, Vaughn and Maui Sands, through Patel, agreed in writing that Vaughn was to be paid at a rate of $60,000 per year, plus 9% of Maui Sands' gross revenue.

37. In reliance upon the aforementioned agreement and representations, in early February of 2016, Vaughn accepted employment with Maui Sands.

38. In reliance upon the aforementioned agreement and representations, Vaughn declined other career opportunities, which would have provided greater financial benefit than his employment at Maui Sands.

39. The agreement between Vaughn and Maui Sands was a binding employment contract.

40. Throughout Vaughn's employment, he competently performed the duties of his position with Maui Sands.

41. Vaughn performed his obligations under the contract.

42. Throughout Vaughn's employment, Maui Sands only paid Vaughn approximately 80% of the agreed upon compensation.

43. Maui Sands breached the contract.

44. At the time of the aforementioned agreement, Patel represented to Vaughn that Maui Sands was financially healthy and that it would be able to meet its obligations under the agreement.

45. Upon information and belief, at the time Patel made representations to Vaughn concerning Maui Sand's financial health, Patel knew that Maui Sands was not as financially healthy as he stated and made representations contrary to fact in an effort to secure Vaughn's employment.

46. Upon information and belief, at the time Patel entered into the aforementioned agreement with Vaughn, Patel had no intention of meeting his or Maui Sand's obligations under the agreement.

47. In early January of 2017, Vaughn began complaining to Patel, Parmar, and Maui Sands that he was not being properly paid.

48. Shortly after Vaughn began complaining, in February of 2017, Patel, Parmar, and Maui Sands terminated Vaughn's employment.

49. Patel, Parmar, and Maui Sands terminated Vaughn's employment in retaliation for Vaughn's complaints.

50. To date, Defendants have not paid Vaughn his last pay check.

51. Since his termination, Vaughn has repeatedly requested in writing that Defendants compensate him for work he performed during his last month of employment.

52. Since his termination, Vaughn has repeatedly requested in writing that Defendants compensate him for work he performed during other months of employment.

53. Since his termination, Vaughn has repeatedly requested in writing other monies that Defendants promised him and which Defendants have not paid.

54. As a result of withholding Vaughn's last paycheck, Vaughn has received no compensation for work he performed during his last two weeks of employment with Defendants and, as such, Vaughn was not paid minimum wage for that period.

55. Defendants breached their contract with Vaughn.

56. Defendants terminated Vaughn in retaliation for his complaints about Defendants' breach.

57. Defendants and Patel, through Patel, committed fraud.

58. As a result of Defendants' unlawful acts, Vaughn has suffered and will continue to suffer pecuniary harm.

### COUNT I: BREACH OF CONTRACT

59. Vaughn restates each and every prior paragraph, as if fully restated.

60. In February of 2016, Vaughn and Defendants entered into a legally binding contract.

61. Vaughn performed all of the conditions, covenants, and promises required in accordance with the contract.

62. Defendants did not perform their obligation under the contract, as to Vaughn's rate of pay.

63. Defendants breached their contract with Vaughn.

64. As a direct result of Defendants' unlawful conduct, Vaughn suffered and continues to suffer pecuniary harm.

### COUNT II: FRAUD

65. Vaughn restates each and every prior paragraph, as if fully restated.

66. In January of 2016, Defendants made material representations to Vaughn that Defendants knew to be untrue, for the purpose of inducing Vaughn's reliance, and upon which Vaughn justifiably relied to his detriment.

67. As a direct result of Defendants' unlawful conduct, Vaughn has suffered and continues to suffer pecuniary harm.

### COUNT III: PROMISSORY ESTOPPEL

68. Vaughn restates each and every prior paragraph, as if fully restated.

69. Defendants made clear and unambiguous promises to Vaughn related to compensation for Vaughn's performance of services for Defendants.

70. In reliance upon Defendants' promises, Vaughn chose to forgo other career opportunities.

71. Defendants made these promises with the reasonable expectation that the promises would induce Vaughn to forgo other career opportunities.

72. Vaughn, to his detriment, actually and justifiably relied upon Defendants' promises.

73. As a direct result of Defendants' unlawful conduct, Vaughn suffered and continues to suffer pecuniary harm.

74. An injustice to Vaughn can only be avoided through the enforcement of Defendants' promises.

### COUNT IV: MINIMUM WAGE VIOLATIONS

75. Vaughn restates each and every prior paragraph, as if fully restated.

76. An employment relationship existed between Vaughn and Defendants.

77. Pursuant to Ohio Rev. Code § 4111 and 29 U.S.C. § 206, an employer must pay a non-exempt employee at least the statutorily required minimum wage for all hours worked.

78. Defendants refused, and continue to refuse, to pay Vaughn for hours he worked during his employment.

79. During the period for which Defendants have refused to pay Vaughn, he was not exempt for the purposes of either Ohio Rev. Code § 4111 or 29 U.S.C. § 206.

80. As a direct result of Defendants' unlawful conduct, Vaughn suffered and continues to suffer pecuniary harm.

81. Defendants willfully and/or intentionally violated Ohio Rev. Code § 4111 and 29 U.S.C. § 206.

82. Defendants acted in bad faith in violating Ohio Rev. Code § 4111 and 29 U.S.C. § 206.

83. As a result of Defendants' failure to pay Vaughn his lawfully earned minimum wages, pursuant to Ohio Rev. Code § 4111, Defendants are liable to Vaughn for the full amount of minimum wage rate, as well as for the costs of this action and reasonable attorney's fees as may be allowed by this Court.

84. As a result of Defendants' failure to pay Vaughn his lawfully earned minimum wages, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Vaughn for the full amount of minimum wage rate, and additional amount as liquidated damages, as well as for the costs of this action and reasonable attorney's fees.

## COUNT V: FAILURE TO MAKE SEMI-MONTHLY WAGE PAYMENTS IN VIOLATION OF OHIO REV. CODE § 4113.15

85. Vaughn restates each and every prior paragraph, as if fully restated.

86. Vaughn repeatedly demanded that Defendants pay wages for work he performed.

87. Defendants refused to pay Vaughn for work he performed.

88. Defendants' conduct violated Ohio Rev. Code § 4113.15.

89. As a direct result of Defendants' unlawful conduct, Vaughn suffered and continues to suffer pecuniary harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nicholas Vaughn respectfully requests that this Honorable Court grant the following relief:

1.      An award against each Defendant of compensatory and monetary damages to compensate Vaughn for unpaid wages, unpaid minimum wages and liquidated damages, unpaid contractual wages, the reasonable value of services Vaughn provided Defendants, and financial damages Vaughn incurred in reliance upon Defendants' broken promises and fraud, in an amount in excess of $25,000 per claim, per Defendants;

2.      An award of the costs of this action and reasonable attorney's fees;

3.      Any award of other relief that this Court may deem necessary and proper.


Respectfully submitted,

*s/ Peter C. Mapley*
Peter C. Mapley (0092359)
**SOBEL, WADE & MAPLEY, LLC**
2460 Fairmount Boulevard, # 314
Cleveland, Ohio 44107
Phone: (216) 223-7213
Fax:    (216) 223-7213
Email: mapley@swmlawfirm.com

*Attorney For Plaintiff*

## **JURY DEMAND**

Plaintiff Nicholas Vaughn demands a trial by jury by the maximum number of jurors permitted.


*s/ Peter C. Mapley*_____

Peter C. Mapley (0092359)